by a railroad section hand under the Federal Employers' Liability Act to recover for injuries received due to a hand car jumping off the track while he was using the car at noon to go after drinking water, according to custom, evidence *held* sufficient to show that plaintiff was engaged in the line of his employment at the time of his injury.

8. MASTER AND SERVANT, § 622*—*when admission of evidence as to what was done to hand car after injury to section hand is erroneous.* In an action by a section hand to recover for personal injuries sustained as the result of the hand car on which he was riding jumping off the track, *held* that the admission of evidence as to what was done with the car after the accident was improper.

9. APPEAL AND ERROR, § 450*—*when error in admission of evidence cannot be complained of.* Error in the admission of evidence cannot be complained of where no objection was made in the trial court.

---

## Alex Streathern, Plaintiff in Error, v. Superior Coal Company, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917.

### Statement of the Case.

Action by Alex Streathern, plaintiff, against the Superior Coal Company, defendant, to recover damages for injuries sustained while employed in operating a machine to undercut coal in defendant's mine, due to the fall of a stone in the slate strata above the coal in a room in the mine. From a judgment for defendant upon a directed verdict, plaintiff brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. W. KERR and F. H. KRUGER, for plaintiff in error.

EDWARD C. KNOTTS, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 191*—*when direction of verdict is improper.* In a personal injury action, it is proper to direct a verdict for defendant where there is no evidence from which, taken by itself, with all fair inference to be drawn from it, the jury could, without acting unreasonably, find that all the material allegations in the declaration had been proven, but if there is such *quantum* of proof the giving of such instruction is reversible error.

2. MINES AND MINERALS, § 84*—*what constitutes wilful violation of Mine Employment Act.* To constitute a wilful violation of the Mine Employment Act (J. & A. ¶ 7475 *et seq.*), it is necessary that there should be a reckless disregard of its provisions, and the employer is liable not only when the dangerous conditions are known to him but also when, by the exercise of reasonable care, he could have discovered them.

3. MINES AND MINERALS, § 182*—*when question for jury whether roof of mine was dangerous and mine examiner should have discovered condition.* In an action by the operator of a coal undercutting machine to recover for damages for personal injuries sustained as the result of the falling of a "nigger-head" or rock from the slate strata projecting a short distance beyond and above the coal at which plaintiff was working, in the roof of the mine, *held* that it was a question for the jury whether the condition was actually dangerous and whether it should have been so marked, and also whether the mine examiner by the exercise of reasonable care could have discovered that the place was dangerous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.